Good morning. My name is David Porter and I represent the petitioner Eric Curtis. I'd like to address my remarks to the first issue in our brief, whether the evidence was insufficient to support the possession of a firearm by an ex-felon. And I'd like to read briefly from the reporter's transcript at 8.85. This is the closing argument of the government. Well, let me try to reorient us for a second. That really isn't the issue, is it? Because this is here on what, a habeas? Yes. So it's not the issue. The issue is whether the California court's determination involved an unreasonable determination, intrinsic or extrinsic, of the facts, the sufficiency of the evidence. That's what the answer is. We don't get a complete run at sufficiency of the evidence. We're examining how California treated that, are we not, under AEDPA? I agree, Your Honor, that this Court looks to the anti-terrorism and effective death penalty acts. Exactly right. And so we could conclude that California was wrong, but that doesn't make any difference, so long as they were not unreasonable in their determination. Is that right? No, I believe that the standard in the Ninth Circuit, there's the 1H case that talks about how this Court, on habeas, under the AEDPA reviews sufficiency of the evidence claims, and they say it's just a Jackson versus Virginia analysis. Right. So, counsel, the real issue is whether or not the state court reasonably applied the Jackson standard in this case. That's correct. And what is it about what the state court did that was unreasonable? Well, there was insufficient evidence in this case of the possession of the weapon. The prosecutor said to the jury, this is a tough one. I'll tell you that right now, a felon in possession of a gun. He says, well, we have to show the prior, and they say there's a stipulation on that, so that's not disputed. And then he quotes the test, had in his possession or under his control. That's the tough issue, not knowledge, but possession. And why is that tough? And he says there are two types of possession, actual and constructive. He says actual, we have no evidence, none, zip, that he was ever in actual possession of that gun. So then he goes on to constructive possession, and he says, who is the driver? He is. Who takes them and chooses the place? The driver takes them to the bowling alley. Who's making all of these strange and bizarre, actually pretty good driving on the road? The driver. Who is controlling the situation from dropping them off to picking up the car? The driver. The question is, did he have constructive possession? And the answer, when you look at all of the evidence, when you examine everything, the question, this was a communal gun. I don't think that the, and which is the same analysis that the California Court of Appeal did. They said he was the driver of the car. This was a car he had borrowed from his girlfriend. He had control over that car. Right. But, counsel, this was a long gun, right? This was a shotgun, right? Yes. Okay. So, obviously, the driver had to know that there was a shotgun getting into the car in the first place, right? It's not something you can conceal, like a pistol or some other small gun, right? No, Your Honor. No. He was the driver. He was in the front of the car. Okay. The evidence suggests that the shotgun was brought into the car in the back seat. I see. By Mr. Foster. And it's your position he would not have seen that long gun being brought into the car? There's nothing in the evidence to show that he would have. All right. And the car was running, as I recall, once the robbery had taken place, right? It was already running and sped away, right, before people even got into the car? It said that it didn't speed away, but the car did start leaving before the passengers were fully into the car, yes. All right. And even after the gun was thrown out the window, the car, being driven by Mr. Curtis, continued to flee the police. Is that not true? That's correct. Okay. But the important point, though, is that when the people got into the car, that was part of the robbery of the S&R convenience store on Winding Way. That Mr. Curtis was actually acquitted of the charge of robbery. And so we have very, very thin evidence at that point. And then we have the jury coming back, acquitting him of the robbery. And this was a very, very difficult case for the jury. They went to deliberate at 2.35 p.m. on May 3rd. An hour later, they asked for the readback of three witnesses, Craig McDonald, Officer Shalu, and Kimberly Hines. The jury deliberated all that day. They deliberated all the next day on May 4th. They deliberated all the next morning on May 5th. And it wasn't until 3.48 that the jury came back with a verdict. This was after a six-day trial. Well, let me ask you a question. Who do you think is in the best position to evaluate whether or not there was sufficient evidence in this case? Us or the trial court? Well, Your Honor, the jury is probably in the best position to look at the witnesses and determine their credibility. You can say that of every case. I mean, if that were the standard, you'd never have habeas courts granting insufficiency of the evidence or courts on direct appeal granting. The important point here is that this is a very technical legal issue about what is constructive possession. And those are the kind of cases where insufficiency of the evidence is actually, you know, granted on direct appeal and on habeas more often than other types of claims because it is so technically, technical in a legal sense. Constructive possession, the California courts, this is from the Showers case, say that the contraband must be immediately and exclusively accessible to the accused and subject to his dominion and control. When you have the driver in the front seat of the car and a shotgun in the back seat of the car on this evidence, I just don't see how any rational jury could have convicted him on felony possession charges. Was there a motion for acquittal made to the trial judge following the close of evidence of the prosecution's evidence? I don't believe there is, but I'll look in the clerk's transcript during the interview. I think there was. Okay. And it was denied, right? Well. You don't remember. Okay. I will accept your word for that. Counsel. I'm sorry. Go ahead. So at that time, the judge that had presided over the trial took a look at the evidence and decided that a rational trier of fact could, in fact, return a verdict beyond a reasonable doubt of possession of a firearm, correct? That's what he did. Okay. And you disagree with that because, I mean, what's your basis for disagreeing with the judge's finding in that regard? Because the evidence was so insufficient in this case. He – I mean, you know, the defendant testified. The defendant's – was the acquittal motion made after the Peoples case or after at the end of the defendant's case? You know, I can't recall, to be honest with you, Counsel. All right. But if it was after the Peoples case, I think there's a very good reason, because the defense put on a case. The defense in felony possession of cases often does not put on evidence. In this case, he did. He testified himself. He stipulated the prior. His girlfriend testified. And so there was substantial evidence that was presented after the Peoples case. And I think that's why the jury was out for so long trying to deliberate. Well, they must not have believed him. It didn't, Your Honor, because I think that this is a very technical point of law about where – what a driver in a car has constructive possession over in the car. Does he have – if it's locked in the trunk, does he have constructive – So Jackson's standard requires us to take the evidence in the light most favorable to the jury's verdict, does it not? That's correct. And the California Court of Appeals took a look at this. You've read it many times. So have we. And they say there's circumstantial evidence of constructive possession, including – and then they lay it all out. And you say that's simply unreasonable. I do. And when you look in our brief, you see what the California Court of Appeals said. They amassed all of the evidence that they possibly could. And that's just not enough. Even the driver of the car is not enough. Counsel. Yes. Counsel, excuse me. I just wondered – you did state, and I agree with you, that this is a question of laws to the sufficiency. I was just wondering what authority there is with respect to the sufficiency of the evidence of constructive possession concerning a gun in the passenger compartment – a shotgun or a gun weapon in the passenger compartment of a car. I'm familiar with house cases, but – and residence cases, but not with an automobile case that supports you. Do you – can you cite one? I don't have any cites at my fingertips, Your Honor. But I think the issue is a common-sense one. What can the driver exclusively have under his dominion and control in the passenger seat of a – in the driver's seat of a car? Can he exercise constructive possession over a weapon that is in the backseat of the car? Thank you, counsel. Thank you. We'll hear from the other side. Good morning, Your Honors. David Andrew Eldridge, Deputy Attorney General for Respondent. First, I have to point out that while counsel claims that there is a straightforward insufficiency claim before you, actually that is not what was exhausted in State court. In State court, rather than merely a question of if you look at all the evidence, is it sufficient, the question was if you exclude all inferences from the evidence, which we think are inconsistent with an acquittal, then is the evidence sufficient? That is what he said in his opening brief in the California Court of Appeal. That is the question which was presented to the California Supreme Court. And that is what was argued below in the district court. And it was argued in the opening brief in this court. It is only in the reply brief that, for the first time, there is an assertion that, no, no, the acquittal is irrelevant, and, indeed, that arguments about inconsistency are a red herring. In fact, that has been defendants' or Mr. Curtis' argument all along, that it becomes insufficient if you exclude everything that we think is inconsistent with the acquittal. And that was addressed in our brief, which is that that is not a problem. If you're right, what are the consequences of what you're saying? Oh, I'm sorry. That you don't have properly before you a straightforward insufficiency claim. Rather, you have before you a claim that if, indeed, we exclude all the evidence relating to what we think should have been, if we exclude every inference that we think is inconsistent with an acquittal on the robbery, then is the evidence insufficient on the claim of the felon in possession charge. And the response to that simply is you can't exclude that evidence. United States v. Paul simply says flat out you ignore the fact that there was an acquittal, which means here, for example, the evidence is sufficient because there was sufficient evidence that, in fact, Mr. Curtis aided and abetted a robbery, and the jury could have found that despite the fact they acquitted on the underlying robbery charge. That's your presentation. Well, one more point on the law. Counsel has suggested that under California law there must be exclusive possession. The jury instruction told the jury flat out that, indeed, parties can be in joint possession. So that is not a correct statement of California law. Well, let's assume that you're not right just for the sake of discussion and address the other side's point that there's insufficient evidence in this case. This is a pretty thin factual case, is it not? Well, honestly, I don't think so, given that. Well, as the trial counsel said, we don't have any evidence at all that the shotgun was ever in his hands. That would mean, well, yes, then that would be a difficult case for direct possession. And did the shotgun come through the front door of the car where he was or the back door of the car? That I don't recall. It would have definitely come in on the passenger side, however. And there simply is no evidence that he had it in his hand. However, what is clear is that he allowed people with a shotgun to get in his car and transported them. Well, but there's got to be a knowing element of that too. And if he's in the front driver's seat and the shotgun comes in on the other side of the car, if we're talking simply about common sense, isn't it possible, probable that he didn't see exactly what it was that was coming through the door? Well, I suppose it's always possible that he did. What window was it thrown out of, the driver's window? Well, no, it would have been thrown out of the right side as well of the car. So what is it that points to his constructive possession and knowledge that that shotgun was in the car? Well, he did indeed testify that he knew that the shotgun was in the car.  And he claimed that that was why, in fact, he was engaging in felony evasion is that, no, he was certainly aware the gun was in the car, but it wasn't under his control. It was, in fact, being directed against him. So the question of whether he knew it was in the car was resolved entirely against him. And we know that the jury didn't believe his theory as to why he knew it was in the car, i.e. that someone else had it, because if they believed that, they would have acquitted him on the felony evasion. But your theory, the state's theory, was that he knew it was in the car beforehand. Indeed, which is highly suggested by the fact that he pulled – the evidence really is that he knew there was an armed robbery going on. Right. And that he was – Well, why did he know that it was an armed robbery? As opposed to merely a robbery. Right. Well, the fact that he knew one was going on when the persons came running out, as evidenced by the fact that he was – the car was ready to go right away, suggests very strongly that he knew before they left that a robbery was going on, and I think he would have seen that there was a shotgun with him when they went away to commit the robbery. You think? Well, I think the jury could also fairly infer that, or even to state it entirely technically, the California Court of Appeal could reasonably have concluded that the jury could have found it. Thank you. Can I ask you a question? Yes. Let's assume that instead of a gun, this had been drugs. Do you think he could have been found to be in constructive possession of the drugs by virtue of the fact that he was the operator of the vehicle and they were inside the passenger compartment? It's hard to proceed on that bare hypothetical because we would have to know what evidence there was, if any, that he was aware of the presence of the drugs in the car. If certainly he was aware of the presence in the car, then yes. If he has control over the car, he does not, for example, pull over and say, you've got to get out of the car with those drugs. So, yes, he would fairly be in joint possession of the drugs under those circumstances. All right. Thank you. Thank you, Ron. I have just one point responding to the failure-to-exhaust argument. Jackson v. Virginia was cited in the opening brief to the California Court of Appeal. It was cited in the petition for review. It was then exhausted again, that claim, in State habeas that went up to the California Supreme Court. The magistrate judge at page 10 of tab 4 in the findings and recommendation starts off Petitioner's claim, the first claim, sufficiency of the evidence and reviews it under Jackson v. Virginia. So I think there is absolutely no doubt that Mr. Curtis not only exhausted, but he exhaustively exhausted his claim of insufficiency of the evidence under Jackson v. Virginia. Anything else? Thank you. Thank you, counsel. This case is ordered submitted. We'll hear the next case, E.G. Dowie v. Alberto Gonzalez.
judges: Schroeder, Trott, Benitez